Green J.
delivered the opinion of the court.
There is no doubt but that the State has a right to establish ferries whenever the legislature may deem them necessary for the easement of its citizens. This right of eminent domain, by which the State is authorized to take private property for public use, when the necessities of the country require it, is necessarily inherent in every government. It would follow, from the existence of this right, that a ferry might be established, and a keeper who is a servant of the public, might be appointed, without any regard to his ownership of the land, should the legislature so direct. But in exercising this right of emi *191 nent .domain, the legislature has, wisely, had regard to the rights of the citizen; and although it requires that he relinquish his property for public use, yet in the case of ferries, it confers on him the franchise of keeper in preference to others, and vests in him the profits resulting from the ferry. This is the spirit of all our acts upon the subject. The act of 1807, ch. 25, authorizes the county court to grant to the owners of land on any river, a ferry, when it may be thought necessary. It also provides, that when different persons own land on opposite sides of the stream, a ferry may be authorized to be kept by each owner. Mrs. Farnsworth is the owner on both sides the stream. She is entitled, therefore, to keep the ferry in preference to any other person. Although Allen owns the land on one side, above and below the ferry, yet, as he is not the owner of the bank at the ferry on either side, he is not within the provisions of the second section of the act of 1807, ch. 25. The county court erred, therefore, in permitting him to continue his ferry after Mrs. Farnsworth applied for one, and was ready to undertake the responsibility of keeper. There is no error in the judgment of the circuit court, which will be affirmed.
Judgment affirmed.